NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT SAFLEY, *Appellant.*

No. 1 CA-CR 18-0220
FILED 10-2-2018

Appeal from the Superior Court in Navajo County
No.  S0900CR201500999
S0900CR201600504
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Emery K. La Barge Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

**¶1**          Robert Safley appeals his convictions and sentences for child molestation and two counts of contributing to the delinquency of a minor. Safley's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, he found no meritorious grounds for reversal. Safley was given the opportunity to file a supplemental brief but did not do so.

**¶2**          Our obligation is to review the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Safley. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶3**          In September 2015, law enforcement was alerted to a possible child molestation incident involving Safley and a 13-year-old girl ("Sister"). Safley's father was in a relationship with Sister's grandmother at the time, and she regarded Safley as "an uncle." Several weeks earlier, Sister and her 10-year-old brother ("Brother") stayed overnight at Safley's small cabin.

**¶4**          During their visit, Safley showed Sister and Brother two "R-rated" movies, which Sister testified were inappropriate and "sexually crude." While they were watching the movies, Sister sat in a chair, Brother was on the couch, and Safley initially sat on an ottoman. At some point Safley moved to the chair to sit behind Sister, positioning himself with one leg on each side of her. Sister testified that Safley's crotch was touching her buttocks and there was no space between his front and her back. Sister further testified that during one of the movies she felt light rocking behind her and that Safley told her he just had an orgasm. Safley then went to the bathroom to change his shorts.

**¶5**          After the movies, Sister moved to the couch to sleep next to Brother. Safley suggested Brother sleep on the bed and revealed that the

couch converted to a pull-out bed. Safley then suggested he and Sister sleep on the pull-out bed together. Brother moved to the bed, and Safley got into the pull-out bed with Sister. Sister testified that Safley gradually moved closer to her, making her uncomfortable, so she moved back to the chair and slept there for the remainder of the night.

¶6        After a three-day trial, a jury found Safley guilty on all three charges. The superior court sentenced him to 12 years for the felony child molestation charge, and six months for each of the misdemeanor charges of contributing to the delinquency of a minor, with 33 days of presentence incarceration credit. Safley timely appealed.

¶7        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Safley was present and represented by counsel at all critical stages of the proceedings against him. Although he was not present at several case management conferences, Safley's counsel waived his presence. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with Safley's constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Therefore, we affirm Safley's convictions and the resulting sentences.

¶8        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Safley of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Safley has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

